## Habel v. Conestoga Traction Company.

*Collision between automobile and trolley car—Right of motor on trolley tracks.*

Where the driver of an automobile, in order to pass a parked car, drives on the tracks seventy-five feet in front of a standing trolley car, and before getting by the parked car is struck by the trolley car, which had suddenly started forward, the motorman is negligent and the company liable for damages.

Rule for a new trial. C. P. Lancaster Co., Oct. T., 1925, No. 43.

*John E. Malone* and *Zimmerman, Myers & Kready*, for defendant and rule.

*William C. Rehm*, contra.

HASSLER, J., Jan. 15, 1927.—Three of the five reasons for a new trial in this case are general and without merit. The other two question the correctness of our instructions to the jury. One of them is that we erred in instructing the jury that it was negligence for the motorman of the defendant company's car to start the car under the circumstances testified to.

The testimony on the part of the plaintiff showed that on Aug. 20, 1925, she, with her husband, was going south on South Lime Street in an automobile, near the intersection of Howard Avenue. A trolley car of the defendant company, facing north, was standing on the tracks on South Lime Street at the intersection of Howard Avenue. About seventy-five feet north of it an automobile was parked on the right side of South Lime Street. In order to pass it, she turned on the tracks of the defendant company, after first seeing that the trolley car was not in motion. She drove on the tracks about five feet before reaching the parked automobile and about twelve feet in passing it, and then, without warning, the defendant company's car started and ran into her automobile, causing the injury complained of. She testified that it was going very rapidly and that the motorman was not looking ahead, and that the distance between the place where she was and where the trolley car was standing when it started was so short that she could not get off of the car tracks after it started before it struck her. We said to the jury: "Mrs. Habel says that while the car was standing on the south side of Howard Avenue on Lime Street, she attempted to pass an automobile that was parked on her right-hand side of the street about seventy-five feet away from the trolley car; that when she had just gotten partly past it, the trolley car, at a great rate

of speed, came down the grade and struck her car, causing the injury complained of. If that is true, the defendant was guilty of negligence, no matter whether the accident occurred because of the great speed of the car or because the brakes did not work. If the car was standing when she started to pass, seventy-five feet away, which is not very far, it was the duty of those in charge of the car to keep from starting and to avoid running her down." We then called attention to the testimony on the part of the defendant, which was that the car was in motion, going northwardly down a hill, and was nearly past the parked car when the plaintiff drove on the tracks. We then told the jury that if they believed this testimony and that the trolley car was in motion when she started to go on the track, only seventy-five feet away, the defendant was not guilty of negligence, but the plaintiff was guilty of contributory negligence and could not recover.

In explaining what was contributory negligence, if any was proven, we said: "The motorman testified that he stopped within a foot or a foot and a-half of seeing her. Another employee of the company testified that he stopped within three feet of seeing her; that she had just started to pass the parked car. . . . As we have said, if you find that she went upon the tracks while the trolley car was in motion, she was guilty of contributory negligence and cannot recover. If you find that the car was standing still, as she testified it was, corroborated by her husband, seventy-five feet away, and she was on the track, the car should not have been started, and she was not guilty of contributory negligence, but the company was guilty of negligence, and she would be entitled to a verdict." In concluding our charge, we again said to the jury: "You understand that the plaintiff can only recover if the testimony shows that the defendant started the car after she had gotten on, or committed herself, to the tracks of the trolley company. . . . But if, on the other hand, you find that the car had started, no matter whether it was close to the parked car or seventy-five feet away, if it was in motion and the plaintiff then went upon the tracks of the company, she took her chances, and she was guilty of contributory negligence and could not recover a verdict at your hands."

We are not convinced that there was any error in these instructions. When the motorman saw the plaintiff on the tracks down the hill, within seventy-five feet of him, with some distance to travel by her in passing a parked car before she could get off of the tracks, it was his duty not to start the car and run into her automobile. If he started the car under these circumstances and collided with her automobile, he failed in the performance of his duty and was guilty of negligence. The starting of the car, under our instructions, was to be considered by the jury with all the other circumstances shown in the testimony, viz., the fact that it was on the hill, her closeness to the defendant company's car, her inability to get off of the tracks for some little distance, or until she was past the parked automobile, were these circumstances. We do not think it was error not to have instructed the jury that the fact that the motorman stopped within a short distance after he struck the plaintiff's automobile was evidence that the trolley car was not going at an excessive speed. We did call the attention of the jury to this testimony. We are not convinced that any error was committed in submitting the case to the jury, and, therefore, discharge the rule for a new trial. Rule discharged.

From George Ross Eshleman, Lancaster, Pa.